**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**INTERNATIONAL CAPTIVE**
**EXCHANGE, LLC,**

        **Plaintiff,**

    **v.**                            **Civil Action 2:26-cv-00548**
                                     **District Judge Edmund A. Sargus**
                                   **Magistrate Judge Kimberly A. Jolson**


**5RIVERS INSURANCE**
**COMPANY, INC.,**

        **Defendant.**

## ORDER

Before the Court are Plaintiff's two Motions to Seal.  The first seeks to seal exhibits to Plaintiff's Complaint.  (Doc. 2).  The second seeks to seal exhibits to Plaintiff's Motion for a Temporary Restraining Order.  (Doc. 4).  Defendant notified the Court that it does not oppose the Motions.  For the following reasons, the Motions (Docs. 2, 4) are **GRANTED**.

When considering a motion to seal, courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case.  *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).  "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)).  "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).  For this reason, the moving party has a "heavy" burden of overcoming a "'strong presumption in favor of openness' as to court records." *Id.*

(quoting *Brown & Williamson*, 710 F.2d at 1179); *see also id.* ("Only the most compelling reasons can justify non-disclosure of judicial records." (quotation omitted)).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (citation and quotations omitted). "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted). If there is a compelling reason, "the party must then show why those reasons outweigh the public interest in access to those records." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

The Court "has an obligation to keep its records open for public inspection [and] that obligation is not conditioned upon the desires of the parties to the case." *Harrison v. Proctor & Gamble Co.*, No. 1:15-CV-514, 2017 WL 11454396, at *1–2 (S.D. Ohio Aug. 11, 2017) (citing *Shane Grp.*, 825 F.3d at 307). A court "that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). In sum, to overcome "the strong presumption in favor of openness," parties who move to seal documents must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash*, 767 F. App'x at 63.

2

Plaintiff's Motions explain the redactions to the exhibits at issue.  The exhibits attached to the Complaint "contain non-public, competitively sensitive information."  (Doc. 2 at 2).  More specifically, Plaintiff asserts that the exhibits show confidential details of its fees and policy limits.  (*Id.* at 3).  And they contain privately negotiated scope of services information.  (*Id.*).  The exhibits attached to the TRO display the same, as well as Plaintiff's nonpublic financial information, volume of business data, and staffing models.  (Doc. 4 at 2–3).

Considering first whether Plaintiff has a compelling interest in keeping this information redacted, the Sixth Circuit has told District Courts not to seal or redact information on the "bald assertion" that it would cause a competitive disadvantage.  *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (holding that the "bald assertion" that disclosing information such as the price a party makes under a contract "would harm a party's competitive position" is not a compelling reason to seal) (citation modified)).  And the Court expressly held that litigants' desire to "keep confidential . . . the price they agreed to pay under a contract" is "not a sufficient reason to seal."  *Id.* at 932 (citing *Baxter*, 297 F.3d at 547).  Against this backdrop, Plaintiff's Motions present a close call.  Plaintiff's proffered reason for sealing is substantially similar to the one presented in *Grae*.  At the same time, Plaintiff offers more than the platitudes the Sixth Circuit cautioned against.  Plaintiff asserts that its privately negotiated contract terms, confidential details of fee and policy limits, and nonpublic financial information could be used against it by competitors to undercut Plaintiff in future business endeavors.  (*See* Doc. 2 at 3–4; Doc. 4 at 3–4).  And indeed, that situation at least partially forms the basis of Plaintiff's allegations in this case.  (*See generally* Docs. 1, 5).  Under these circumstances, Plaintiff has shown that "disclosure will work a clearly defined and serious injury"—though just barely.  *Grae*, 134 F.4th at 932 (citation omitted).  As such, its interest in keeping the information at issue under seal is compelling.

The next two factors go hand in hand.  Upon review, it does not appear that the information under seal is necessary for the public to understand Plaintiff's allegations.  *See Luxottica of Am. Inc. v. Allianz Glob. Risks US Ins. Co.*, No. 1:20-CV-698, 2021 WL 735205, at *3 (S.D. Ohio Feb. 25, 2021).  This is especially true because the redactions are narrow in nature.  Consequently, the Court concludes the public's interest in the redacted portions does not overcome Plaintiff's compelling interest, and the redactions are sufficiently tailored.

For these reasons, the Motions (Docs. 2, 4) are **GRANTED**, and Plaintiff is **ORDERED** to file the exhibits at issue under seal by May 12, 2026.

IT IS SO ORDERED.

Date:  May 14, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

4